IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:08-4-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Cynthia Lemon, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant's motion, filed February 3, 2011, seeking reconsideration of the sentence imposed by this court on September 4, 2008. *See* Dkt. # 93. This motion is repetitive of three previous motions filed by Defendant. *See* Dkt. Nos. 78, 84, 90.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days after the oral announcement of the sentence.[1] See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on September 4, 2008, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is well past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP")

---

[1] In 2010, this Rule was changed to allow fourteen (14) days for such correction. However, the Rule in effect at the time of Defendant's sentencing provided only seven (7) days.

1

for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range.). None of these circumstances applies to Defendant.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant did not appeal her conviction or sentence.

Defendant's motion does not allege that any of these circumstances applies; rather, Defendant seeks to revisit issues addressed at sentencing. The court lacks jurisdiction to modify Defendant's sentence.[2]

Defendant's motion is denied for lack of jurisdiction.

**IT IS SO ORDERED.**

> s/ Cameron McGowan Currie
> CAMERON MCGOWAN CURRIE
> UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 8, 2011

---

[2] It was within the court's discretion to run the sentence imposed September 4, 2008, "concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment . . . ." U.S.S.G. § 5G1.3(c). The court ran Defendant's sentence consecutively to the undischarged term of her state sentence, and specified the reasons for doing so on the record at sentencing.

2